## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **LEO MARS, Individually and on Behalf** | § | |
| **of All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 7:20-cv-04142** |
| **v.** | § | |
| | § | |
| | § | |
| **TELECOM TECHNOLOGY SERVICES,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL CLASS ACTION AND
## COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1.    Plaintiff Leo Mars and the workers he seeks to represent ("Class Members") are current and former employees of Defendant Telecom Technology Services, Inc. ("Defendant") who worked more than 40 hours in a week but were not paid overtime wages.  Defendant violated the Fair Labor Standards Act ("FLSA") by misclassifying the Plaintiff and Class Members as exempt from overtime.   Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week. *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b).  Members of the collective action are referred to hereinafter as the "FLSA Class Members."

2.    Likewise, Defendant's conduct violates the laws of New York.  Defendant failed to pay overtime wages, additional wages for working more than 10 hours in a single day, failed to

provide accurate and timely notice upon hire, failed to issue wages on a weekly basis as opposed to on a bi-weekly basis, failed to pay for work related expenses, and provided pay statements that were inaccurate, in violation of New York Labor laws. Plaintiff brings this lawsuit as Rule 23 Class Action under New York law. Members of the New York Class Action are referred to as "New York Class Members."

## II.    SUBJECT MATTER JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant do business in this District and the violations of the law occurred while Plaintiff worked in this District.

## III.    PARTIES AND PERSONAL JURISDICTION

5.    Plaintiff Mars is an individual currently residing in Rhode Island.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6.    The "FLSA Class Members" are all current and former field technicians a/k/a field engineers classified as exempt from overtime at any time during the three year period prior to the filing of this Complaint to the present.

7.    The "New York Class Members" are all current and former field technicians a/k/a field engineers classified as exempt from overtime in New York at any time during the six year period prior to the filing of this Complaint to the present.  The FLSA Class Members and New York Class Members shall be collectively referred to as the "Class Members."

8.      Defendant Telecom Technology Services, Inc. is a foreign corporation doing business in New York. Said Defendant can be served with process by serving its registered agent, CT Corporation System at 28 Liberty Street, New York, New York 10005.

9.      This Court has personal jurisdiction over Defendant because they have purposefully availed themselves of the privilege of conducting business activities in the state of New York. Defendant have established minimum contacts sufficient to confer jurisdiction over them, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.  The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

10.      Specifically, Defendant employs residents of New York, owns property in New York, contracts with companies in New York, and maintains a significant business presence in New York.

11.      The causes of action in this suit arises from and relates to the contacts of Defendant with the state of New York, specifically Defendant's employment of workers in New York and the subsequent failure to pay those workers in accordance with the FLSA and New York law.

## IV.      FACTS

12.      Defendant is a telecommunication company that specializes in providing maintenance and equipment upgrade services at cellular sites.  As its website states, Defendant specializes in "designing, integrating and optimizing wireless systems for over 20 years. AS TTS Wireless commits to meeting the demands of 5G rollouts, existing LTE and 3G networks, we continue to innovate new products and processes. We provide operators and vendors with packages, turn-key solutions and expert services to improve network quality and the wireless customer experience." (*See* https://www.ttswireless.com/company/, last visited May 29, 2020).

13.     To provide its services to its customers, Defendant employed Field Technicians (who also known as Field Engineers).

14.     The primary duty of the Field Technicians was to perform manual labor tasks at cellular sites and on cellular towers.   Field Technicians installed, replaced, and upgraded equipment and cables/wires at the cellular sites and towers.  They used basic hand tools to perform these tasks, such as cable cutters, screwdrivers, ladders, pliers, wrenches, colored tape, cameras, and zip ties.  Their work involved manual labor while being outdoors, exposed to the elements.

15.     Field Technicians were required to were safety equipment at all times.  This equipment included a hard hat, safety shoes, and safety glasses.

16.     Field Technicians worked far in excess of forty hours per week.

17.     Despite the fact that the Field Technicians worked outdoors and performed primarily manual labor tasks, they were classified as exempt from overtime by Defendant. That is, Field Technicians were not paid overtime wages at the rate of time and one half their regular rates of pay for all hours worked over forty in a workweek.

18.     Plaintiff worked for Defendant as a Field Technician from approximately May 2019 to September 2019.  He worked on cellular sites that were operated by T-Mobile.

19.     Plaintiff performed his services for Defendant primarily in New York.

20.     Plaintiff regularly worked more than 40 hours in a workweek.  In fact, he worked a schedule that was Monday through Friday, with 10-15 hours of work per day, on average.

21.     However, when Plaintiff worked more than 40 hours in a week, he was not paid overtime by Defendant. That is because Plaintiff was classified as exempt from overtime.

22.     Like Plaintiff, the Class Members worked more than 40 hours in a workweek.

23.     Like Plaintiff, the Class Members were not paid overtime wages by Defendant.

4

24.     Like Plaintiff, the Class Members were classified as exempt from overtime.

25.     Defendant also did not pay the Plaintiff and New York Class Members any additional wages when they worked more than 10 hours in a single day.

26.     The work performed by Plaintiff and the Class Members did not require any computer programming or designing skills.  Workers who had never done the work of a Field Technician were able to learn how to perform the work in a short period of time and through on the job training.

27.     Plaintiff's and the Class Members' primary duty did not include the exercise of, discretion or independent judgment with respect to matters of significance. Instead, they were required to follow thorough operating procedures found in "MOPs" (Methods of Procedure) and were not allowed to deviate from those procedures.  Plaintiff and the Class Members did not design or create the MOPs.

28.     Plaintiff's and the Class Members' primary duty did not require a prolonged course of intellectualized study. Training was on the job training for a minimal period of time.

29.     Plaintiff's and the Class Members did not regularly supervise two or more employees or have hiring/firing authority.

30.     Plaintiff's and the Class Members' primary duty did not involve computer programming, computer systems analysis, network design, hardware design, or software design. Installed, they physically replaced and installed cables and equipment at cellular sites.

31.     No exemption under the FLSA or New York law shelters Defendant from paying overtime to Plaintiff or the Class Members.

32.     Defendant knew of the requirement to pay overtime and proper wages to Plaintiff and the Class Members.  In fact, Defendant pays overtime to other employees. However,

Defendant made the conscious choice to not pay overtime to the Plaintiff and the Class Members. Alternatively, Defendant showed a reckless disregard for whether the Plaintiff and the Class Members were entitled to overtime pay.  Under these facts, Defendant has committed a willful violation of the law.

### V.    CAUSES OF ACTION

### COUNT 1

**Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**
**On Behalf of Plaintiff and the FLSA Collective Class**

33.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

34.    This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and the FLSA Class Members overtime compensation.

35.    At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

36.    At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

37.    At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

38.    Defendant has had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

39.    At all material times, Plaintiff and the FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

40.      The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

41.      Defendant's compensation scheme applicable to Plaintiff and the FLSA Class Members failed to comply with 29 U.S.C. § 207(a)(1).

42.      Defendant knowingly failed to compensate Plaintiff and the FLSA Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

43.      During all relevant times, Plaintiff and the FLSA Class Members were covered employees entitled to the above-described FLSA protections.

44.      In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT 2

**Failure to Pay Overtime**
**(N.Y. Lab. Law §190 *et seq.*  and N.Y. Lab. Law §650 *et seq.*)**
**On Behalf of Plaintiff and the New York Class**

45.      Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

46.      This count arises from Defendant's violation of N.Y. Lab. Law §190 *et seq.*  and N.Y. Lab. Law §650 *et seq.* (and any supporting regulations), for its failure to pay Plaintiff and the New York Class Members all their overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the New York Class Members were entitled to receive one and one-half times their regular rates of pay.

47.     Defendant violated N.Y. Lab. Law §190 *et seq.* and N.Y. Lab. Law §650 *et seq.* by failing to compensate Plaintiff and the New York Class Members consistent with the overtime provisions.

48.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT 3

**Spread of Hours Violation**
**(N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4)**
**On Behalf of Plaintiff and the New York Class**

49.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50.     This count arises from Defendant's violation of the NYLL; specifically, Defendant's violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

51.     Defendant violated the NYLL by failing to comply with its obligation to pay Plaintiff and the New York Class Members the additional hour of wages required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 on those days when Plaintiff and the New York Class Members in fact worked for ten or more hours.

52.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the

New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT 4

**Wage Theft Prevention Act Violation**
**(N.Y. Lab. Law §§ 2, 190, 651, *et seq*)**
**On Behalf of Plaintiff and the New York Class**

53.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54.     At all relevant times, Plaintiff and the New York Class Members were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

55.     Defendant willfully violated Plaintiff and the New York Class' rights by failing to provide them with a compliant notice upon hiring required by the WTPA throughout the relevant time period.

56.     The WTPA required Defendant to provide its workers with a notice upon hiring that disclosed the regular hourly rate of pay, the overtime rate of pay, whether they were paid by hour, shift, day, week, etc., the regular pay day designated by the employer in accordance with section 191 of the WTPA, the name and address of the employer and the employer's telephone number. Defendant failed to comply with these requirements.  Indeed, Defendant could not provide the accurate hourly rate of pay or overtime rate of pay because, by their own admission, Defendant did not pay overtime each week.  Defendant omitted other critical information as well.

57.     The WTPA also required Defendant to provide particular information to Plaintiff and the New York Class Members on every pay statement including, *inter alia*, the date of work "the  dates  of work covered by that payment of  wages; name of employee; name of employer; address and phone  number  of  employer;  rate  or  rates of pay and basis thereof, whether paid by the  hour,  shift, day, week,  salary,  piece,  commission,  or  other;  gross wages;  deductions;

9

allowances, if any, claimed as part of the minimum wage; and net wages . . . the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." N.Y. LAB. L. § 195(3).

58.     Defendant's wage statements did not comply with these requirements. The wage statements did not include the number of hours of work, the hourly rate of pay, how pay was calculated, and other information.

59.     Through their knowing and intentional failure to provide Plaintiff and the New York Class with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

60.     Due to Defendant's willful violations of the NYLL, Plaintiff and the New York Class are entitled to recovery statutory penalties, together with costs and attorneys' fees. N.Y. LAB. LAW § 198.

## VI.     COLLECTIVE ACTION ALLEGATIONS

61.     As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

62.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former field technicians a/k/a field engineers classified as exempt from overtime at any time during the three year period prior to the filing of this Complaint to the present.

63.     Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

64.     Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated FLSA Class Members exists who have been subjected to Defendant's policy of not paying overtime for all hours worked over forty.  Plaintiff worked with other employees at multiple locations for Defendant.

65.     The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid a salary, and were denied overtime pay.

66.     Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual FLSA Class Members.

67.     The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

68.     The specific job titles or precise job responsibilities of each FLSA Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to deny its employees overtime.

69.     FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

70.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

71.     Like Plaintiff, all FLSA Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

72.     The names and addresses of the FLSA Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals

by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

73.     Although the exact amount of damages may vary among the individual FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

74.     The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

75.     As such, the class of similarly situated employees is properly defined as follows:

> **All current and former field technicians a/k/a field engineers classified as exempt from overtime at any time during the three year period prior to the filing of this Complaint to the present.**

## VII.     RULE 23 CLASS ACTION ALLEGATIONS

76.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the New York Class, which is comprised of:

> **All current and former field technicians a/k/a field engineers classified as exempt from overtime in New York at any time during the six year period prior to the filing of this Complaint to the present.**

77.     <u>Numerosity</u>.  The number of members in the New York Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the New York Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the New York Class and Defendant.

78.     <u>Typicality</u>.  Plaintiff's claims are typical of the New York Class because like the members of the New York Class, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the New York Class.  Defendant failed to pay the New York Class Members overtime compensation.  All members of the New York Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly classified as exempt and denied overtime.  Plaintiff and the New York Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with New York law.  As such, Plaintiff's claims are typical of the claims of the New York Class.  Plaintiff and all members of the New York Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

79.     <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the New York Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under New York law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the New York Class she seeks to represent.

80.     Common questions of law and fact exist to all members of the New York Class.  These questions predominate over the questions affecting individual class members.

      A. Whether Plaintiff and the New York Class worked hours in excess of 40 per work week;

B.  Whether Plaintiff and the New York Class were denied overtime pay at a rate not less than one and one-half times their regular rate as prescribed by New York Law;

C.  Whether Defendant paid the Plaintiff and New York Class additional wages when they worked in excess of ten hours per shift;

D.  The proper method of calculating the amount of back pay owed to the New York Class;

E.  Whether Plaintiff and the New York Class were required to be paid on a weekly basis;

F.  Whether the wage statements issued to Plaintiff and the New York Class violated the WTPA; and

G.  Whether Defendant provided Plaintiff and the New York Class Members accurate and complete information in compliance with the notice upon hiring requirements of the WTPA.

81.    These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the class.

82.    Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the New York Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by

14

individual members of the New York Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

83.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual New York Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the New York Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication.  The identity of members of the New York Class is readily identifiable from Defendant's records.

84.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees and meal periods taken.  Ultimately, a class action is a superior form to resolve the New York claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the New York Class per applicable New York laws.

### VIII.   <u>PRAYER FOR RELIEF</u>

85.     For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action to the FLSA Class Members;

b.  Certifying that this action may proceed as a collective action under 29 U.S.C. § 216(b) and

class action under Fed. R. Civ. P. 23;

c.  Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, their officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

d.  Finding that Defendant's policies and/or practices described above violate the FLSA and New York Law;

e.  Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

f.  Awarding costs and expenses, including reasonable attorneys' fees and expert fees, and pre and post judgment interest; and

g.  Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:  /s/ Don J. Foty
Don J. Foty
(will apply for admission *pro hac vice*)
dfoty@hftrialfirm.com
Texas State Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

16